**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**1021018 ALBERTA LTD.,** an Alberta corporation, d/b/a JustThink Media,

    Plaintiffs,

vs.

**INTEGRACLICK, LLC,** a Florida limited liability corporation, d/b/a Clickbooth.com,

    Defendant.

_____/

Case No.

**COMPLAINT AND DEMAND FOR JURY TRIAL
WITH DAMAGES AND INJUNCTIVE AND OTHER RELIEF SOUGHT**

Plaintiff 1021018 Alberta Ltd., an Alberta corporation doing business as JustThink Media ("JTM") ("plaintiff"), complaining of defendant IntegraClick, LLC, a Florida limited liability corporation doing business as Clickbooth.com ("Clickbooth"), states and alleges as follows:

## INTRODUCTION AND PARTIES

1. This action arises out of the wrongful withholding by Clickbooth of funds placed on deposit with Clickbooth by plaintiff under an agreement to hold those funds in trust as a safeguard for invoices and other amounts owed in the course of business between Clickbooth and plaintiff, who are both participants in the online marketing industry. Plaintiff and Clickbooth made an agreement for plaintiff to deposit $1 million in trust with Clickbooth to secure the payment of Clickbooth's invoices to plaintiff. Now, however, because the volume of business between the parties has lessened considerably and plaintiff has always paid its invoices from Clickbooth, plaintiff has demanded that Clickbooth return some or all of the amounts held in trust by Clickbooth. Plaintiff is entitled to damages for defendant's wrongful acts and omissions, and is also entitled to equitable and other relief to ensure that the amounts it deposited with Clickbooth in trust are secured during the pendency of this action and ultimately returned to plaintiff.

2. Plaintiff 1021018 Alberta Ltd. is a corporation duly formed and existing under the laws of the Province of Alberta, Canada, and maintains its principal place of business in Sherwood Park, Alberta, Canada. At all times pertinent, plaintiff did and does business under the name "JustThink Media" ("JTM"), and is and was engaged generally in the business of selling various products and services online and designing online marketing campaigns for those products and services.

3. Defendant IntegraClick, LLC is a limited liability corporation duly formed and existing under the laws of the State of Florida, and maintains its principal

place of business in Sarasota, Florida. At all times pertinent, defendant did and does business under the name "Clickbooth.com," and is and was engaged generally in the business of designing and placing online advertisements that are submitted to it by online merchants such as plaintiff.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under title 28, section 1331 and title 15, section 1121(a) of the United States Code, as at least one of the claims herein arise under federal law, namely section 43(a) of the Lanham Act, 15 U.S.C. §1125(a). This Court also has jurisdiction over the subject matter of this action under title 28, section 1332(a)(2) of the United States Code, as the amount in controversy exceeds the sum or value of $75,000 and the claims herein are between "citizens" of a state or states (defendants) and citizens or subjects of a foreign nation (plaintiff).

5. This Court has personal jurisdiction over Clickbooth (1) pursuant to Fla. Stat. § 48.193(1)(a) because Clickbooth operates, conducts, engages in or carries on a business or business venture in the State of Florida, and the claims made herein arise from such activities; (2) pursuant to Fla. Stat. § 48.193(1)(b), because Clickbooth committed tortious acts within the State of Florida by the acts and omissions set forth herein; and (3) pursuant to Fla. Stat. § 48.193(1)(b), because Clickbooth is engaged in substantial and not isolated activity within the State of Florida.

6. Venue is appropriate in the Middle District of Florida under title 28,

section 1391(b)(2) of the United States Code because a substantial part of the events and omissions giving rise to this action occurred, and/or a substantial part of the property that is the subject of this action is situated, in this district. Venue is appropriate in the Tampa division of this Court because Clickbooth maintains its principal place of business in Sarasota, Florida, within the geographic bounds of this division. See Local Rule 1.02(b)(4), (c).

## **FACTS**

7.  Plaintiff is one of the most prominent and active online marketing companies in North America. Plaintiff's business model consists of designing, operating, and maintaining websites and designing online advertisements (such as banner ads and other elements) through which plaintiff markets and sells its products and services. Plaintiff contracts with companies like Clickbooth that then disseminate plaintiff's advertisements to thousands of affiliate "publishers," which in turn publish plaintiff's advertising via multiple channels, including banners on websites, email, pay-per-click ads and other forms of Internet advertising that tend to relate to the subject matter of the particular advertisements. For instance, if plaintiff decided to run an online advertising campaign through a website it had created to sell a vitamin supplement product, it might turn to an advertising network such as Clickbooth, which would then contact its affiliate publishers to obtain placements of plaintiff's advertisements on appropriate media such as health websites, nutrition forums, and the like. As is typical in such relationships, plaintiff and Clickbooth have historically conducted a very high volume of business together. At times, it was not

unusual for Clickbooth to have invoiced plaintiff one or more times per week for Clickbooth's services, to the tune of hundreds of thousands of dollars per invoice.

8. In May 2009, because of the high volume of business done by plaintiff with Clickbooth and the fact that Clickbooth was invoicing plaintiff for large amounts with a high frequency, Clickbooth expressed to plaintiff that Clickbooth wanted to maintain a certain cushion of funds on deposit to ensure the payment of Clickbooth's invoices. Plaintiff had not failed to pay any of Clickbooth's invoices and there were no other issues relating to plaintiff's payments, but Clickbooth insisted that plaintiff place some amount of funds on deposit in trust with Clickbooth nonetheless. Plaintiff agreed to this demand and deposited $1 million with Clickbooth in May 2009.

9. As agreed by the parties, the exclusive purpose of the $1 million deposit was to secure payment of Clickbooth's invoices to plaintiff. The deposit was to be held by Clickbooth and used for no other purpose than the payment of plaintiff's invoices. Once an invoice was paid out of the deposit, plaintiff would replenish the funds on deposit with Clickbooth so $1 million would be held by Clickbooth at all times.

10. In October 2009 the volume of business between Clickbooth and plaintiff had decreased slightly. Also, by that point it had become obvious that plaintiff had consistently and fully paid Clickbooth's invoices in a timely manner. By then Clickbooth was invoicing plaintiff at least twice a week, most times for amounts in the six figures. Because Clickbooth had never experienced any problems with

getting its invoices paid by plaintiff, and because plaintiff had demonstrated that it was fully capable of paying the invoices as they were issued, plaintiff requested that Clickbooth return some or all of the $1 million on deposit.

11. Clickbooth refused, and to date has continued to refuse, to return any part the $1 million to plaintiff. Clickbooth has given a number of reasons for its refusal, most notably its desire to maintain a reserve against potential claims from third parties for advertising damages and other violations alleged to have arisen out of plaintiff's advertisements as JTM, and to cover Clickbooth's attorney fees incurred in defending itself against any such claims. No such claims or demands have been made against Clickbooth, to plaintiff's knowledge. In fact, such a use of the funds was never contemplated or agreed upon by the parties, would be completely outside of the purposes for which the deposit was made, and would represent an unauthorized use of the funds placed on deposit by plaintiff with Clickbooth.

12. To the best of plaintiff's current knowledge and belief, Clickbooth does not, and did not, maintain the $1 million in funds deposited by plaintiff and held in trust by Clickbooth in a segregated or otherwise protected account, and does not, and did not, maintain those funds in a prudent manner consistent with the purpose for which they were placed on deposit.

13. After the dispute over Clickbooth's wrongful retention of the $1 million deposit arose, Clickbooth sent emails to all of its affiliate publishers in which Clickbooth stated that plaintiff's advertising had been suspended by Clickbooth because of what Clickbooth called legal compliance reasons. The statement or

implication in that message was that plaintiff's advertisements and advertising practices were illegal or otherwise wrongful, and that Clickbooth was discontinuing its acceptance of advertisements from plaintiff because of concerns over potential liability. That statement or implication was false and misleading, as a) plaintiff, not Clickbooth, suspended the advertising campaigns, and b) the reason for the suspension of the advertising by plaintiff with Clickbooth was the dispute over Clickbooth's wrongful retention of plaintiff's $1 million deposit; plaintiff's advertisements with Clickbooth were not illegal or otherwise wrongful; and there was no real concern harbored by Clickbooth in that regard.

14. As pled more fully below, the wrongful conduct of Clickbooth in withholding and misusing the $1 million placed on deposit by plaintiff, and in making false and misleading statements about plaintiff and plaintiff's advertising practices, entitles plaintiff to recover damages from Clickbooth. Moreover, plaintiff is entitled to injunctive relief against Clickbooth to require the return of the $1 million currently held by Clickbooth, or other measures to safeguard those funds pending their return to plaintiff.

## **FIRST CAUSE OF ACTION**

**(Unjust Enrichment/Imposition of Constructive Trust)**

15. Plaintiff restates and incorporates the allegations set forth in paragraphs 1 through 14 above as though fully rewritten herein.

16. As a result of Clickbooth's acts and omissions as set forth herein, monies and other assets in which plaintiff has a superior legal and equitable interest

have been possessed and retained by Clickbooth, which has continued to withhold the same from plaintiff, all to the detriment of plaintiff.

17. Clickbooth has been unjustly enriched at the expense of plaintiff by its possession and retention of the monies and other assets mentioned above.

18. As between Clickbooth on the one hand and plaintiff on the other, it would be inequitable and unjust to allow Clickbooth to possess and retain the monies and other assets mentioned above while depriving plaintiff of the same.

19. Plaintiff is entitled to an order declaring that all of the monies and other assets held by Clickbooth as alleged herein are held by Clickbooth as the constructive trustee for plaintiff and requiring Clickbooth to return the same to plaintiff or to pay the same into the registry of the Court immediately; or, in the alternative, appointing a receiver or other trustee and ordering the same to take possession of the funds in question immediately and maintain the same for the benefit of plaintiff during the pendency of this action.

## SECOND CAUSE OF ACTION

### (Conversion)

20. Plaintiff restates and incorporates the allegations set forth in paragraphs 1 through 19 as though fully rewritten herein.

21. At all times, plaintiff was, and still is, entitled to the possession, use, enjoyment, and control of specifically identifiable funds deposited by plaintiff with Clickbooth and held in trust by Clickbooth as a deposit.

22. Clickbooth has deprived plaintiff of the possession, use, enjoyment, and control of the above-mentioned funds and has converted the same to Clickbooth's own possession, use, enjoyment, and control without any legal right to do so.

23. Plaintiff has demanded the immediate return of the above-mentioned funds to its possession, use, enjoyment, and control, but Clickbooth has failed and refused, and continues to fail and refuse, to comply with that demand.

24. As a direct and proximate result of Clickbooth's conversion of plaintiff's funds, plaintiff is entitled to recover damages from Clickbooth in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### (Money Had and Received)

25. Plaintiff restates and incorporates the allegations set forth in paragraphs 1 through 24 as though fully rewritten herein.

26. Clickbooth wrongfully retained money paid by plaintiff to Clickbooth in the form of the $1 million deposit through the acts and omissions alleged herein.

27. Clickbooth has enjoyed and continues to enjoy the benefit of the funds wrongfully retained from plaintiff. Clickbooth had no legal right to or justification for retaining the funds.

28. As a direct and proximate result of Clickbooth's conduct as alleged herein, plaintiff is entitled to recover damages from Clickbooth in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### (Breach of Contract)

29. Plaintiff restates and incorporates the allegations set forth in paragraphs 1 through 28 as though fully rewritten herein.

30. The agreement between plaintiff and Clickbooth regarding the maintenance of the $1 million deposit in trust by Clickbooth, as alleged above, was an oral, written, or oral and written contract that was supposed by good and valuable consideration and was enforceable by plaintiff against Clickbooth.

31. An express or implied term of the contract alleged herein is that Clickbooth would be required to return the unused portion of the $1 million when the objective of the contract – to secure amounts invoiced to plaintiff by Clickbooth – had been fulfilled.

32. The objective of the contract has been fulfilled because the volume of business between plaintiff and Clickbooth has lessened and because plaintiff has consistently paid its bills, and therefore there is no reason, at least not one contemplated and agreed to by the parties, for Clickbooth to retain the $1 million further.

33. Clickbooth's reason for continuing to retain the $1 million – that Clickbooth may be subject to claims by third parties arising out of unknown alleged advertising violations or wrongs by plaintiff – is speculative and moreover was not contemplated or agreed to by the parties as an objective of the contract nor as a reason for retention or use of the $1 million by Clickbooth.

34. By continuing to retain the $1 million without cause or authorization under the contract between the parties, Clickbooth has breached the contract with plaintiff.

35. As a direct and proximate result of Clickbooth's conduct as alleged herein, plaintiff is entitled to recover damages from Clickbooth in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### (Trade Libel – Section 43(a) of Lanham Act)

36. Plaintiff restates and incorporates the allegations set forth in paragraphs 1 through 35 above as though fully rewritten herein.

37. The statements and representations made by Clickbooth of and concerning plaintiff to Clickbooth's publishers included, but were not limited to, advertising, publishing, disseminating and communicating false and misleading statements and unfounded misrepresentations about the business, goodwill, and reputation of plaintiff, including but not limited to false statements that plaintiff's advertisements with Clickbooth had been suspended for legal compliance reasons.

38. The aforementioned false statements and representations of and concerning plaintiff were published, disseminated, or otherwise communicated by Clickbooth.

39. The aforementioned false statements and representations made by Clickbooth of and concerning plaintiff were published, disseminated, or otherwise communicated by Clickbooth across state borders and in interstate commerce.

40. The aforementioned false statements and representations made by Clickbooth of and concerning plaintiff were statements and representations of a commercial nature and constituted commercial speech since they were published, disseminated, or otherwise communicated with the intent of increasing Clickbooth's sales and/or decreasing plaintiff's sales.

41. As a direct and proximate result of Clickbooth's conduct as alleged herein, plaintiff is entitled to recover damages from Clickbooth in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff 1021018 Alberta Ltd., d/b/a JustThink Media, respectfully demands that judgment be rendered in its favor and against defendant IntegraClick, LLC, d/b/a Clickbooth.com, as follows:

1. For damages of a compensatory and general nature, in an amount according to proof as alleged and demanded above;

2. For a preliminary injunction and permanent injunction requiring Clickbooth and its partners, agents, employees, assignees, trustees, and all persons acting in concert or participating with Clickbooth, to (a) refrain from committing further acts of the nature alleged herein; (b) immediately return all monies and other assets belonging to plaintiff and held as a deposit and/or in trust by Clickbooth (or alternatively to surrender all such monies and other assets to the Court or to an appointed agent of the Court), and (c) refrain generally from taking any action in

derogation of the Court's jurisdiction over the subject matter of this action;

3. For an order declaring that all of the monies and other assets held by Clickbooth as alleged herein are held by Clickbooth as the constructive trustee for plaintiff and requiring Clickbooth to return the same to plaintiff or to pay the same into the registry of the Court immediately; or, in the alternative, appointing a receiver or other trustee and ordering the same to take possession of the funds in question immediately and maintain the same for the benefit of plaintiff during the pendency of this action;

4. For punitive damages in an amount sufficient to make an example of Clickbooth and to deter others from similar conduct by way of example, according to proof as alleged and demanded above;

5. For costs of suit, including reasonable attorney's fees; and

6. For all other relief as the Court deems just.

Dated: January 6, 2010        By: _____

Karl S. Kronenberger (*pro hac vice* pending)
Trial Counsel
KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone (415) 955-1155
Facsimile (415) 955-1158
karl@KBInternetLaw.com

Attorneys for Plaintiff,
**1021018 Alberta Ltd.**, d/b/a JustThink Media

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 1.06(a), plaintiff demands that this action be tried to a jury composed of the maximum number permitted by law, on all issues so triable.

Dated: January 6, 2010          By: _____

Karl S. Kronenberger (*pro hac vice* pending)
Trial Counsel
KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone (415) 955-1155
Facsimile (415) 955-1158
karl@KBInternetLaw.com

Attorneys for Plaintiff,
**1021018 Alberta Ltd.**, d/b/a JustThink Media