# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**1021018 ALBERTA, LTD.,**

    Plaintiff and Counterdefendant,

v.                                                          Case No. 8:10-cv-47-T-30EAJ

**INTEGRACLICK, LLC and
JOHN LEMP,**

    Defendants and Counterclaimants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Dismiss Counterclaim (Dkt. 19), Plaintiff's Motion to Strike Portions of Answer and Counterclaim (Dkt. 20), Defendant's Response in opposition to the motion to dismiss (Dkt. 21), and Defendant's Response in opposition to the motion to strike (Dkt.22). The Court, having considered the motions and responses, and being otherwise advised in the premises, finds that the motion to dismiss should be denied, and motion to strike should be granted as to Defendant's Fourth Affirmative Defense and denied as to Paragraph 18 of the Counterclaim.

## BACKGROUND

Plaintiff 1021018 Alberta, Ltd., d/b/a JustThinkMedia ("JTM") entered into an Agreement with Defendant Integraclick, LLC, d/b/a Clickbooth.com ("Clickbooth") for access to distribute advertisements on the Clickbooth Network. JTM is in the business of selling various products and services online and designing online marketing campaigns for

those products and services. Under the Agreement, Clickbooth requested, and JTM agreed, to post $1,000,000.00 in the "Advertiser Account."

JTM filed a complaint on January 8, 2010, alleging unjust enrichment, conversion, money had and received, breach of contract, and trade libel pursuant to Section 43(a) of The Lanham Act (15 U.S.C. §1125(a)).  JTM filed a First Amended Complaint on February 8, 2010, naming Clickbooth's president, John Lemp, as an additional defendant, and adding an infringement claim under the Copyright Act, 17 U.S.C. §101 et seq. Clickbooth filed a Counterclaim on March 5, 2010, which alleged breach of contract under the indemnification provision and the warranty in Paragraph 12 of the Agreement. Paragraph 12 states in relevant part:

> Your advertisements are accepted upon the warranty that you have the right to publish the contents of the advertisement, without infringement of any rights of any third party, including but not limited to copyright, patent, trademark . . . the use, reproduction, distribution or transmission of the advertisement . . . does not and will not violate any laws or any rights of any third parties, including but not limited to false or deceptive advertising or sales practices, unfair competition . . . . In consideration of our publication of your advertisements, you agree to indemnify and hold us (and our directors, officers, employees, and agents) harmless against any and all expenses and losses of any kind (including reasonable attorneys' fees and costs) incurred by us . . . in connection with any claims of any kind arising out of publication of the advertisement . . . .

**Motion to dismiss for lack of subject matter jurisdiction standard**

Pursuant to 28 U.S.C.§1367(a), "the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original

jurisdiction that they form part of the same case or controversy." "In order to have supplemental jurisdiction over the state law claims, it must be shown that the state law claims presented are compulsory, rather than permissive." *Arcusa v. Lisa Coplan-Garder, P.A.*, 2007 WL 3521986, at 1 (M.D. Fla. 2007). Pursuant to Federal Rule of Civil Procedure 13(a), a counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction."

The Eleventh Circuit employs the "logical relationship" test to determine whether a counterclaim is compulsory rather than permissive. *Republic Health Corp. v. Lifemark Hospitals of Florida., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985). Under this test, "there is a logical relationship when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Id.* (citing *Plant v. Blazer Financial Services, Inc.*, 598 F.2d 1357, 1361 (5th Cir. 1979)).

**Motion to strike standard**

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. Pro. 12(f). JTM argues that Clickbooth's Fourth Affirmative Defense, "No Trademark Rights," is irrelevant, and Paragraph 18, a list of other actions Clickbooth alleges are pending against JTM's principal, Mr. Willms, or his business entities, is impertinent.

## DISCUSSION

### Motion to dismiss for lack of subject matter jurisdiction

JTM argues that the Counterclaim does not allege sufficient facts to establish that the amount in controversy is over $75,000 to satisfy 28 U.S.C. § 1332(a) or forms part of the same case or controversy to permit the Court to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a). JTM's argument fails, because Clickbooth's breach of contract claim is compulsory. Clickbooth's counterclaim meets the "logical relationship test" discussed *supra*. JTM's Amended Complaint is based on Clickbooth's alleged breach of contract by its failure to return the $1,000,000.00 deposit, which Plaintiff claims was to only be used to secure payment of Clickbooth's invoices to JTM. Clickbooth's counterclaim for breach of contract is based on JTM's refusal to allow Clickbooth to use the deposit for, what it claims was the intended purpose, indemnification from liability. Interpretation of the provision under which the deposit was sought and paid will resolve both claims.

Clickbooth's allegation that JTM breached the warranty in Paragraph 12 stems from a different interpretation of the purpose for the $1,000,000.00 deposit and the suspension of JTM's advertising. Furthermore, "where multiple claims involve many of the same factual issues . . . or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action." *Farris v. United Hospital Equipment, Inc.*, 2008 WL 341348, at 1 (M.D. Fla. 2008) (citing *Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co.*, 426 F.2d 709, 714 (5th Cir. 1970)).

## Motion to strike Fourth Affirmative Defense

JTM argues that Clickbooth's defense, "No Trademark Rights," is irrelevant to the complaint, because a cause of action under Section 43(a) of the Lanham Act "does not rest upon the alleged violation of a trademark right." "Motions to strike are generally disfavored by the [c]ourt and are often considered time wasters," but this Court agrees that Clickbooth's Fourth Affirmative Defense is irrelevant. *Somerset Pharms., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996).

Section 43(a) of the Lanham Act (15 U.S.C. §1124(a)) states in relevant part:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which-
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin or his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

In *Dastar Co. v. Twentieth Century Fox*, 539 U.S. 23, 28-9 (2003) (internal citation omitted), the Supreme Court found that "[w]hile much of the Lanham Act addresses the registration,

use, and infringement of trademarks and related marks, §43(a), 15 U.S.C. §1125(a) is one of the few provisions that goes beyond trademark protection. Therefore, the Court will strike the Fourth Affirmative Defense.

### Motion to strike Paragraph 18 of the Counterclaim

JTM argues that Paragraph 18 is impertinent and should be struck from the Counterclaim in its entirety. JTM fails to demonstrate how "discovery and other inquiry into those matters" listed against Mr. Willms and his "related business entities" would be alleviated by striking the Paragraph. Clickbooth's basis for Paragraph 18, "explanation and justification for the Defendants ending their business relationship with [Plaintiff]," is relevant to its Fourteenth Affirmative Defense, truth, and its counterclaim for breach of contract. In Paragraph 12 of the Counterclaim, Clickbooth alleges that "JTM agreed in Paragraph 12 of the Agreement that it would not use, reproduce, distribute or transmit advertisements that "violate any laws or any rights of any third parties, including but not limited to false or deceptive advertising or sales practices, unfair competition, . . . ." and in Paragraph 19 of the Counterclaim that "[a]s a direct and proximate result of the actions of JTM complained of herein, Clickbooth has suffered damages. . . ."

"An allegation is 'impertinent' or 'immaterial' when it is neither responsive nor relevant to the issues involved in the action." *In re Complaint of Olympia Dev. Group, Inc.*, 2010 U.S. Dist. LEXIS 15267 at 5 (M.D. Fla. 2010) "A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Id.* (quoting *Scelta v. Delicatessen Support Servs., Inc.*, 57

F. Supp. 2d 1327, 1347 (M.D. Fla. 1997)). In the instant case, Clickbooth's allegations in Paragraph 18 pertain to the trade libel and breach of contract claims, and JTM has not demonstrated prejudice. Therefore, Plaintiff's argument to strike Paragraph 18 of the Counterclaim fails.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff 1021018 Alberta Ltd.'s Motion to Dismiss the Counterclaim (Dkt. 19) is **DENIED**.

2. Plaintiff 1021018 Alberta Ltd.'s Motion to Strike (Dkt. 20) is **GRANTED** as to the Fourth Affirmative Defense and **DENIED** as to Paragraph 18.

**DONE** and **ORDERED** in Tampa, Florida on June 8, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2010\10-cv-47.mtd 19.wpd