**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**1021018 ALBERTA LTD.,** an Alberta
corporation, d/b/a JustThink Media,

        Plaintiff,

vs.

**INTEGRACLICK, LLC,** a Florida limited
liability corporation, d/b/a Clickbooth.com;
**CLICKBOOTH.COM, LLC,** a Florida limited
liability corporation; **INTEGRACLICK, INC.,**
a Delaware corporation, d/b/a
Clickbooth.com; **JOHN LEMP,** an individual;
**LEE AHO,** an individual; **GRAHAM
GOCHNEAUR,** an individual; **JOSEPH
CARANO**, an individual; and Does 1 through
20, inclusive,

        Defendants.

_____/

Case No. 8:10-CV-0047-JSM-EAJ

**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
WITH DAMAGES AND INJUNCTIVE AND OTHER RELIEF SOUGHT**

Plaintiff 1021018 Alberta Ltd., an Alberta corporation doing business as

JustThink Media ("JTM") ("plaintiff"), complaining of defendants IntegraClick, LLC, a

Florida limited liability corporation doing business as Clickbooth.com,

Clickbooth.com, LLC, a Florida limited liability corporation ("Clickbooth LLC"),

IntegraClick, Inc., a Delaware corporation ("IntegraClick") (jointly, "Clickbooth"), John

Lemp, an individual ("Lemp"), Lee Aho, an individual ("Aho"), Graham Gochneaur,

an individual ("Gochneaur"), Joseph Carano, an individual ("Carano") (jointly, "the

individual defendants"), and Does 1 through 20, inclusive, states and alleges as

follows:

## INTRODUCTION AND PARTIES

1.    This action arises out of the wrongful withholding by Clickbooth of

funds placed on deposit therewith by plaintiff under an agreement to hold those

funds in trust as a safeguard for invoices and other amounts owed in the course of

business between Clickbooth and plaintiff, who are both participants in the online

marketing industry.   Plaintiff and Clickbooth made an agreement for plaintiff to

deposit $1 million in trust with Clickbooth to secure the payment of Clickbooth's

invoices to plaintiff.   Now, however, because the volume of business between the

parties has lessened considerably and plaintiff has always paid its invoices from

Clickbooth, plaintiff has demanded that Clickbooth return some or all of the amounts

held in trust by Clickbooth.   Not only has Clickbooth refused to return any of the

funds, but Clickbooth and its president or other principal John Lemp, as well as its

other employees and/or officers and/or principals Lee Aho and Graham Gochneaur,

and Joseph Carano, through websites that he owned and/or operated, have also

infringed upon plaintiff's copyright in certain website design elements and other

protectable works by using those matters in advertising offers by Clickbooth, which

were advertised, processed, and/or fulfilled through the websites owned and/or operated by Carano. Plaintiff is entitled to damages for defendants' wrongful acts and omissions, and is also entitled to equitable and other relief to ensure that the amounts it deposited with Clickbooth in trust are secured during the pendency of this action and ultimately returned to plaintiff.

2.     Plaintiff 1021018 Alberta Ltd. is a corporation duly formed and existing under the laws of the Province of Alberta, Canada, and maintains its principal place of business in Sherwood Park, Alberta, Canada. At all times pertinent, plaintiff did and does business under the name "JustThink Media" ("JTM"), and is and was engaged generally in the business of selling various products and services online and designing online marketing campaigns for those products and services.

3.     Defendant IntegraClick, LLC is a limited liability corporation duly formed and existing under the laws of the State of Florida, and maintains its principal place of business in Sarasota, Florida. At all times pertinent, defendant did and does business under the name "Clickbooth.com," and is and was engaged generally in the business of designing and placing online advertisements that are submitted to it by online merchants such as plaintiff.

4.     Defendant Clickbooth.com, LLC is a limited liability corporation duly formed and existing under the laws of the State of Florida, and maintains its principal place of business in Sarasota, Florida. At all times pertinent, defendant Clickbooth.com, LLC did and does business under the name "Clickbooth.com," and is and was engaged generally in the business of designing and placing online

advertisements that are submitted to it by online merchants such as plaintiff.  Upon information and belief, at all times pertinent, Clickbooth.com, LLC shared common ownership and control with IntegraClick, LLC and IntegraClick, Inc., and operated as an alter ego thereof.

5.      Defendant IntegraClick, Inc. is a corporation duly formed and existing under the laws of the State of Delaware, and maintains its principal place of business in Sarasota, Florida.  At all times pertinent, defendant IntegraClick, Inc. did and does business under the name "Clickbooth.com," and is and was engaged generally in the business of designing and placing online advertisements that are submitted to it by online merchants such as plaintiff.  Upon information and belief, at all times pertinent, IntegraClick, Inc. shared common ownership and control with IntegraClick, LLC and Clickbooth.com, LLC, and operated as an alter ego thereof.

6.      As used herein, unless the particular usage indicates otherwise, "Clickbooth" shall refer jointly to IntegraClick, LLC, Clickbooth.com, LLC, and IntegraClick, Inc.  All three Clickbooth corporate or other entities are being sued herein because Clickbooth and/or its principals have created, organized, maintained, and/or dissolved said entities with the intent of confusing third parties such as plaintiff as to the correct legal entity or entities under which Clickbooth conducts business.  For example, a) one of the contracts between the parties lists, as a party to that contract, "Clickbooth / Integraclick, Inc."; b) an addendum to one of the contracts says "'Clickbooth.com' is a corporate affiliate or subsidiary"; c) the insertion order for the advertising campaign at issue herein uses "Clickbooth.com LLC" as the

corporate entity; d) the clickbooth.com website indicates that the business is managed by "Integraclick, LLC"; e) the contact page on the website says "Clickbooth.com LLC"; and f) emails from Clickbooth and its principals to plaintiff contain the indication "Clickbooth.com LLC, an IntegraClick, LLC managed company."   Upon knowledge and belief, each of said entities committed and/or participated in, at least to some extent, the actions and conduct from which plaintiff's claims arose.

7.   Defendant John Lemp ("Lemp") is an individual and a resident of the State of Florida, and is the president, chief executive officer, or other principal of Clickbooth.  At all times pertinent, Lemp was acting in his individual capacity as well as his capacity as an officer, director, or other principal of Clickbooth.

8.   Defendant Lee Aho ("Aho") is an individual and a resident of the State of Florida, and is and was an employee, officer, or other principal of Clickbooth.  At all times pertinent, Aho was acting in his individual capacity as well as his capacity as an employee, officer, or other principal of Clickbooth.

9.   Defendant Graham Gochneaur ("Gochneaur") is an individual and a resident of the State of Florida, and is and was an employee, officer, or other principal of Clickbooth.  At all times pertinent, Gochneaur was acting in his individual capacity as well as his capacity as an officer, director, or other principal of Clickbooth.

10.   Defendant Joseph Carano ("Carano") is an individual and resident of the State of Arizona, and is and was an agent for Clickbooth.  At all times pertinent,

Carano was acting in his individual capacity as well as his capacity as an agent for Clickbooth.   Carano owned and/or operated three websites known as <TOFINDFREEMONEYNOW.COM>,   <PROTECTEDPURCHASES.COM>   and <ONLINEMARKETRESOURCES.COM >, which contained advertising material that infringed plaintiff's copyright as alleged further herein and/or were the conduits through which transactions resulting from said infringing advertisements were processed on behalf of Clickbooth.

11.    Plaintiff is uncertain of the true names and capacities of those defendants sued by the fictitious names Does 1 through 20 ("the Doe defendants"), who also are responsible and liable for the injuries alleged herein and who proximately caused damage to plaintiff.  Plaintiff will amend this complaint to add the true names and capacities of the Doe defendants when they become known.

12.    Upon information and belief, at all times all defendants were the principals, agents, and/or co-conspirators of each other, and each acted within the course, scope, and authority of such relationship so that, as a result, all defendants are jointly and severally liable for the acts alleged herein.

### JURISDICTION AND VENUE

13.    This Court has jurisdiction over the subject matter of this action under title 28, section 1338(a) of the United States Code, as some or all of the claims alleged herein arise under acts of Congress relating to copyrights.  This Court also has jurisdiction over the subject matter of this action under title 28, section 1331 and title 15, section 1121(a) of the United States Code, as at least one of the claims

herein arises under federal law, namely section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).   This Court also has jurisdiction over the subject matter of this action under title 28, section 1332(a)(2) of the United States Code, as the amount in controversy exceeds the sum or value of $75,000 and the claims herein are between "citizens" of a state or states (defendants)   and citizens or subjects of a foreign nation (plaintiff).

14.    This Court has personal jurisdiction over defendants (1) pursuant to Fla. Stat. §48.193(1)(a) because defendants operate, conduct, engage in or carry on a business or business venture in the State of Florida, and the claims made herein arise from such activities; (2) pursuant to Fla. Stat. §48.193(1)(b), because defendants committed tortious acts within the State of Florida by the acts and omissions set forth herein; and (3) pursuant to Fla. Stat. §48.193(1)(b), because defendants are engaged in substantial and not isolated activity within the State of Florida.

15.    Venue is appropriate in the Middle District of Florida under title 28, section 1391(b)(2) of the United States Code because a substantial part of the events and omissions giving rise to this action occurred, and/or a substantial part of the property that is the subject of this action is situated, in this district.  Venue is also appropriate in this district under title 28, section 1400(a) because some or all of the claims alleged herein arise under acts of Congress relating to copyrights, and one, some, or all defendants or their agents may be found in this district.   Venue is appropriate in the Tampa division of this Court because Clickbooth maintains its

principal place of business in Sarasota, Florida, within the geographic bounds of this division.  See Local Rule 1.02(b)(4), (c).

**FACTS**

16.     Plaintiff is one of the most prominent and active online marketing companies in North America.  Plaintiff's business model consists of designing, operating, and maintaining websites and designing online advertisements (such as banner ads and other elements) through which plaintiff markets and sells its products and services.  Plaintiff contracts with companies like Clickbooth that then disseminate plaintiff's advertisements to thousands of affiliate "publishers," which in turn publish plaintiff's advertising via multiple channels, including banners on websites, email, pay-per-click ads and other forms of Internet advertising that tend to relate to the subject matter of the particular advertisements.  For instance, if plaintiff decided to run an online advertising campaign through a website it had created to sell a vitamin supplement product, it might turn to an advertising network such as Clickbooth, which would then contact its affiliate publishers to obtain placements of plaintiff's advertisements on appropriate media such as health websites, nutrition forums, and the like.  As is typical in such relationships, plaintiff and Clickbooth have historically conducted a very high volume of business together.  At times, it was not unusual for Clickbooth to have invoiced plaintiff one or more times per week for Clickbooth's services, to the tune of hundreds of thousands of dollars per invoice.

17.     In May 2009, because of the high volume of business done by plaintiff with Clickbooth and the fact that Clickbooth was invoicing plaintiff for large amounts

with a high frequency, Clickbooth expressed to plaintiff that Clickbooth wanted to maintain a certain cushion of funds on deposit to ensure the payment of Clickbooth's invoices.  Plaintiff had not failed to pay any of Clickbooth's invoices and there were no other issues relating to plaintiff's payments, but Clickbooth insisted that plaintiff place some amount of funds on deposit in trust with Clickbooth nonetheless. Plaintiff agreed to this demand and deposited $1 million with Clickbooth in May 2009.

18.    As agreed by the parties, the exclusive purpose of the $1 million deposit was to secure payment of Clickbooth's invoices to plaintiff.  The deposit was to be held by Clickbooth and used for no other purpose than the payment of plaintiff's invoices.  Once an invoice was paid out of the deposit, plaintiff would replenish the funds on deposit with Clickbooth so $1 million would be held by Clickbooth at all times.

19.    In October 2009 the volume of business between Clickbooth and plaintiff had decreased slightly.  Also, by that point it had become obvious that plaintiff had consistently and fully paid Clickbooth's invoices in a timely manner.  By then Clickbooth was invoicing plaintiff at least twice a week, most times for amounts in the six figures.  Because Clickbooth had never experienced any problems with getting its invoices paid by plaintiff, and because plaintiff had demonstrated that it was fully capable of paying the invoices as they were issued, plaintiff requested that Clickbooth return some or all of the $1 million on deposit.  Those requests were made by plaintiff to Clickbooth through Clickbooth's principals, officers, and/or

employees Lemp, Aho, and Gochneaur.

20.     Clickbooth refused, and to date has continued to refuse, to return any part the $1 million to plaintiff, as communicated to plaintiff by Lemp, Aho and Gochneaur.  Clickbooth, through Lemp, Aho and Gochneaur, has given a number of reasons for its refusal, most notably its desire to maintain a reserve against potential claims from third parties for advertising damages and other violations alleged to have arisen out of plaintiff's advertisements as JTM, and to cover Clickbooth's attorney fees incurred in defending itself against any such claims.  No such claims or demands have been made against Clickbooth, to plaintiff's knowledge. In fact, such a use of the funds was never contemplated or agreed upon by the parties, would be completely outside of the purposes for which the deposit was made, and would represent an unauthorized use of the funds placed on deposit by plaintiff with Clickbooth.  Lemp, Aho and Gochneaur were all personally involved in Clickbooth's decision to refuse to return any part of the $1 million to plaintiff.

21.     To the best of plaintiff's current knowledge and belief, Clickbooth does not, and did not, maintain the $1 million in funds deposited by plaintiff and held in trust by Clickbooth in a segregated or otherwise protected account, and does not, and did not, maintain those funds in a prudent manner consistent with the purpose for which they were placed on deposit.

22.     After the dispute over Clickbooth's wrongful retention of the $1 million deposit arose, Clickbooth sent emails to all of its affiliate publishers in which Clickbooth stated that plaintiff's advertising had been suspended by Clickbooth

because of what Clickbooth called legal compliance reasons.  The statement or implication in that message was that plaintiff's advertisements and advertising practices were illegal or otherwise wrongful, and that Clickbooth was discontinuing its acceptance of advertisements from plaintiff because of concerns over potential liability.  That statement or implication was false and misleading, as a) plaintiff, not Clickbooth, suspended the advertising campaigns, and b) the reason for the suspension of the advertising by plaintiff with Clickbooth was the dispute over Clickbooth's wrongful retention of plaintiff's $1 million deposit; plaintiff's advertisements with Clickbooth were not illegal or otherwise wrongful; and there was no real concern harbored by Clickbooth in that regard.

23.    The failure of Clickbooth and Lemp, Aho, and Gochneaur to return the $1 million to plaintiff, and its withholding of those funds for improper and unauthorized purposes, is not the only point of dispute between the parties.  JTM, as an alternate business entity of 1021018 Alberta Ltd., maintains a website known as "QuickProfitKit.com" (authored by 1021018 Alberta Ltd.).  As alleged below, 1021018 Alberta Ltd. has registered its copyright of the "QuickProfitKit.com" website with the Copyright Office, and is thus the legal author, registrant and owner of the copyright pertaining to all materials and elements of that website and is entitled to enforce its interests in that copyright.

24.    It has come to plaintiff's attention that Clickbooth, as well as its employees, officers, and/or other principals Lemp, Aho, and Gochneaur, as well as Carano (through the three websites that he owned and/or operated), as well as the

Doe defendants, have infringed upon the rights accorded to plaintiff by its copyright in the "QuickProfitKit.com" website and the materials and elements thereof. Specifically, but without limitation, Clickbooth, Lemp, Aho, Gochneaur, Carano and the Doe defendants prepared and advertised offers of products and services with websites and website elements that are identical, or substantially similar, to the "QuickProfitKit.com" website and elements thereof, and which were misappropriated and copied therefrom by said defendants.  Such actions constitute an actionable infringement upon the rights provided to plaintiff by its copyright of the "QuickProfitKit.com" website.

25.     As pled more fully below, the wrongful conduct a) of Clickbooth, Lemp, Aho, and Gochneaur, in withholding and misusing the $1 million placed on deposit by plaintiff, b) of Clickbooth in publishing defamatory statements about plaintiff, and c) of all defendants in infringing on plaintiff's copyright of the "QuickProfitKit.com" website, entitle plaintiff to recover damages from defendants.  Moreover, plaintiff is entitled to injunctive relief against defendants to prevent further infringements of its copyright and to require the return of the $1 million currently held by Clickbooth.

## GENERAL ALLEGATIONS AS TO COPYRIGHT CLAIMS

26.     "QuickProfitKit.com " falls within the category of "pictorial, graphic and sculptural works" as defined in 17 U.S.C. § 101 and is an original work of authorship subject to copyright protection pursuant to 17 U.S.C. § 102(a)(5).

27.     Plaintiff 1021018 Alberta Ltd. is the author of the "QuickProfitKit.com " website and the elements thereof and is the owner of the copyright therein pursuant

to 17 U.S.C. § 201.

28.    On the date of first publication of the "QuickProfitKit.com" website and the elements thereof, plaintiff was a national and domiciliary of a treaty party (to wit: Canada) and thus "QuickProfitKit.com" is subject to copyright protection pursuant to 17 U.S.C. § 104(b).

29.    As the owner of the copyright in "QuIckProfitKit.com," plaintiff has the exclusive rights provided in 17 U.S.C. §106, which include but are not limited to the right to reproduce the copyrighted work, the right to distribute copies of the copyrighted work to the public, the right to prepare derivative works based upon the copyrighted work, and the right to display the copyrighted work publicly.

30.    In addition and pursuant to 17 U.S.C. § 113, plaintiff has the exclusive right to reproduce "QuickProfitKit.com " in or on any kind of article, whether useful or otherwise.

31.    On January 11, 2010, plaintiff submitted to the Copyright Office the required application, deposit, and fee for the registration of its copyright in "QuIckProfitKit.com."   The application, deposit, and fee were acceptable for registration, and were received by the Copyright Office on that date.   Accordingly, under 17 U.S.C. § 410(d), the effective date of the copyright registration is January 11, 2010.

//

//

//

## FIRST CAUSE OF ACTION

### (Unjust Enrichment/Imposition of Constructive Trust)

### (Against Clickbooth, Lemp, Aho, and Gochneaur Only)

32.     Plaintiff restates and incorporates the allegations set forth in paragraphs 1 through 31 above as though fully rewritten herein.

33.     As a result of acts and omissions as set forth herein of Clickbooth, Lemp, Aho, and Gochneaur, monies and other assets in which plaintiff has a superior legal and equitable interest have been possessed and retained by Clickbooth, Lemp, Aho, and Gochneaur, which have continued to withhold the same from plaintiff, all to the detriment of plaintiff.

34.     Clickbooth, Lemp, Aho, and Gochneaur have been unjustly enriched at the expense of plaintiff by its possession and retention of the monies and other assets mentioned above.

35.     As between Clickbooth, Lemp, Aho, and Gochneaur on the one hand and plaintiff on the other, it would be inequitable and unjust to allow Clickbooth, Lemp, Aho, and Gochneaur to possess and retain the monies and other assets mentioned above while depriving plaintiff of the same.

36.     Plaintiff is entitled to an order declaring that all of the monies and other assets held by Clickbooth, Lemp, Aho, and Gochneaur as alleged herein are held by Clickbooth, Lemp, Aho, and Gochneaur as the constructive trustees for plaintiff and requiring Clickbooth, Lemp, Aho, and Gochneaur to return the same to plaintiff or to pay the same into the registry of the Court immediately; or, in the alternative,

appointing a receiver or other trustee and ordering the same to take possession of the funds in question immediately and maintain the same for the benefit of plaintiff during the pendency of this action.

## SECOND CAUSE OF ACTION

### (Conversion)

### (Against Clickbooth, Lemp, Aho, and Gochneaur Only)

37.     Plaintiff restates and incorporates the allegations set forth in paragraphs 1 through 36 as though fully rewritten herein.

38.     At all times, plaintiff was, and still is, entitled to the possession, use, enjoyment, and control of specifically identifiable funds deposited by plaintiff with Clickbooth, Lemp, Aho, and Gochneaur and held in trust by Clickbooth, Lemp, Aho, and Gochneaur as a deposit.

39.     Clickbooth, Lemp, Aho, and Gochneaur have deprived plaintiff of the possession, use, enjoyment, and control of the above-mentioned funds and have converted the same to the possession, use, enjoyment, and control of Clickbooth, Lemp, Aho, and Gochneaur, without any legal right to do so.

40.     Plaintiff has demanded the immediate return of the above-mentioned funds to its possession, use, enjoyment, and control, but Clickbooth, Lemp, Aho, and Gochneaur have failed and refused, and continue to fail and refuse, to comply with that demand.

41.     As a direct and proximate result of the conversion of plaintiff's funds by Clickbooth, Lemp, Aho, and Gochneaur, plaintiff is entitled to recover damages from Clickbooth, Lemp, Aho, and Gochneaur in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### (Money Had and Received)

### (Against Clickbooth, Lemp, Aho, and Gochneaur Only)

42.     Plaintiff restates and incorporates the allegations set forth in paragraphs 1 through 41 as though fully rewritten herein.

43.     Clickbooth, Lemp, Aho, and Gochneaur wrongfully retained money paid by plaintiff to Clickbooth, Lemp, Aho, and Gochneaur in the form of the $1 million deposit through the acts and omissions alleged herein.

44.     Clickbooth, Lemp, Aho, and Gochneaur have enjoyed and continue to enjoy the benefit of the funds wrongfully retained from plaintiff.   Clickbooth, Lemp, Aho, and Gochneaur had and have no legal right to or justification for retaining the funds.

45.     As a direct and proximate result of the conduct of Clickbooth, Lemp, Aho, and Gochneaur as alleged herein, plaintiff is entitled to recover damages from Clickbooth, Lemp, Aho, and Gochneaur in an amount to be determined at trial.

//

//

//

//

## FOURTH CAUSE OF ACTION

### (Breach of Contract)

### (Against to Clickbooth Only)

46.     Plaintiff restates and incorporates the allegations set forth in paragraphs 1 through 45 as though fully rewritten herein.

47.     The agreement between plaintiff and Clickbooth regarding the maintenance of the $1 million deposit in trust by Clickbooth, as alleged above, was an oral, written, or oral and written contract that was supposed by good and valuable consideration and was enforceable by plaintiff against Clickbooth.

48.     An express or implied term of the contract alleged herein is that Clickbooth would be required to return the unused portion of the $1 million when the objective of the contract – to secure amounts invoiced to plaintiff by Clickbooth – had been fulfilled.

49.     The objective of the contract has been fulfilled because the volume of business between plaintiff and Clickbooth has lessened and because plaintiff has consistently paid its bills, and therefore there is no reason, at least not one contemplated and agreed to by the parties, for Clickbooth to retain the $1 million further.

50.     Clickbooth's reason for continuing to retain the $1 million – that Clickbooth may be subject to claims by third parties arising out of unknown alleged advertising violations or wrongs by plaintiff – is speculative and moreover was not

contemplated or agreed to by the parties as an objective of the contract nor as a reason for retention or use of the $1 million by Clickbooth.

51.     By continuing to retain the $1 million without cause or authorization under the contract between the parties, Clickbooth has breached the contract with plaintiff.

52.     As a direct and proximate result of Clickbooth's conduct as alleged herein, plaintiff is entitled to recover damages from Clickbooth in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**(Trade Libel – Section 43(a) of Lanham Act)**

**(Against Clickbooth Only)**

53.     Plaintiff restates and incorporates the allegations set forth in paragraphs 1 through 52 above as though fully rewritten herein.

54.     The statements and representations made by Clickbooth of and concerning plaintiff to Clickbooth's publishers included, but were not limited to, advertising, publishing, disseminating and communicating false and misleading statements and unfounded misrepresentations about the business, goodwill, and reputation of plaintiff, including but not limited to false statements that plaintiff's advertisements with Clickbooth had been suspended for legal compliance reasons.

55.     The aforementioned false statements and representations of and concerning plaintiff were published, disseminated, or otherwise communicated by Clickbooth.

56.     The aforementioned false statements and representations made by Clickbooth of and concerning plaintiff were published, disseminated, or otherwise communicated by Clickbooth across state borders and in interstate commerce.

57.     The aforementioned false statements and representations made by Clickbooth of and concerning plaintiff were statements and representations of a commercial nature and constituted commercial speech since they were published, disseminated, or otherwise communicated with the intent of increasing Clickbooth's sales and/or decreasing plaintiff's sales.

58.     As a direct and proximate result of Clickbooth's conduct as alleged herein, plaintiff is entitled to recover damages from Clickbooth in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### (Copyright Infringement - 17 U.S.C. § 501 et seq.)

### (Against All Defendants)

59.     Plaintiff restates and incorporates the allegations set forth in paragraphs 1 through 58 as though fully rewritten herein.

60.     The actions of defendants as alleged herein have violated and continue to violate plaintiff's exclusive rights, including the rights to copy, reproduce, distribute and display publicly its original work "Qu\ickProfitKit.com."

61.     In addition to having personally committed acts of infringement against plaintiff as alleged herein, Lemp, Aho, Gochneaur, Carano and the Doe defendants enjoy and enjoyed a direct financial benefit from Clickbooth's infringing activity.

Lemp, Aho, Gochneaur, and the Doe defendants have and had the right and ability to supervise the infringing activity of Clickbooth by virtue of their positions and duties as employees, officers, or other principals of Clickbooth.   In addition, Carano personally participated in the infringing activity, in coordination with Lemp, Aho, Gochneaur, and the Doe defendants, by operating the three websites on which the infringing materials were used in advertisements and through which transactions that resulted from those infringing advertisements were processed.

62.     The actions of defendants as alleged herein constitute infringement of plaintiff's exclusive rights protected under the Copyright Act, 17 U.S.C. § 101 et. seq.

63.     The infringing acts of defendants as alleged herein have been willful, intentional and in disregard of and with indifference to the rights of plaintiff.

64.     The infringing acts of defendants are ongoing and will continue unless said defendants are enjoined and restrained from continuing such conduct.   Plaintiff has no adequate remedy at law to prevent the ongoing and continuous infringement of its exclusive rights by defendants, and is otherwise statutorily entitled to injunctive relief to prevent such infringement.

65.     Pursuant to 17 U.S.C. §§ 502 and 503, plaintiff is entitled to injunctive relief to prohibit, enjoin and restrain defendants from further infringing its copyright and to an order requiring the impoundment, destruction, erasure, and takedown of any and all copies of "QuickProfitKit.com " and/or any website or other online material derived therefrom and/or containing or using infringing materials in violation of plaintiff 's exclusive rights.

66.     Pursuant to 17 U.S.C. §§ 504 and 505, plaintiff is entitled to an award of its actual damages and the profits of defendants, as well as its court costs.

## SEVENTH CAUSE OF ACTION

**(Vicarious Copyright Infringement – 17 U.S.C. § 501 et seq.)**

**(Against Clickbooth, Lemp, Aho and Gochneaur)**

67.     Plaintiff restates and incorporates the allegations set forth in paragraphs 1 through 66 as though fully rewritten herein.

68.     Defendants Clickbooth, Lemp, Aho and Gochneaur had knowledge of the copyright infringement alleged herein, insofar as Carano directly perpetrated that infringement on behalf of and for the benefit of Defendants Clickbooth, Lemp, Aho and Gochneaur.

69.     Defendants Clickbooth, Lemp, Aho and Gochneaur profited from the infringement alleged herein, insofar as Defendants Clickbooth, Lemp, Aho and Gochneaur received some or all of the revenues from the infringement.

70.     Defendants Clickbooth, Lemp, Aho and Gochneaur had the ability to stop Carano's infringement but elected not to do so.

71.     The conduct of Defendants Clickbooth, Lemp, Aho and Gochneaur has damaged Plaintiff's business, reputation and goodwill.

72.     The copyright infringement of Defendants Clickbooth, Lemp, Aho and Gochneaur has damaged Plaintiff in an amount to be proven at trial.

//

//

**EIGHTH CAUSE OF ACTION**

**(Contributory Copyright Infringement – 17 U.S.C. § 501 et seq.)**

**(Against Clickbooth, Lemp, Aho and Gochneaur)**

73.    Plaintiff restates and incorporates the allegations set forth in paragraphs 1 through 72 as though fully rewritten herein.

74.    Defendants Clickbooth, Lemp, Aho and Gochneaur had knowledge of the copyright infringement alleged herein, insofar as Carano directly perpetrated that infringement on behalf of and for the benefit of Defendants Clickbooth, Lemp, Aho and Gochneaur.

75.    Defendants Clickbooth, Lemp, Aho and Gochneaur could have taken simple measures to prevent Carano's infringement and continued infringement.

76.    Defendants Clickbooth, Lemp, Aho and Gochneaur did not prevent Carano's infringement, but instead encouraged that infringement by (a) refusing to take simple measures to prevent it, (b) paying Carano for the infringement, and (c) other actions as may be revealed by discovery.

77.    The conduct of Defendants Clickbooth, Lemp, Aho and Gochneaur has damaged Plaintiff's business, reputation and goodwill.

78.    The copyright infringement of Defendants Clickbooth, Lemp, Aho and Gochneaur has damaged Plaintiff in an amount to be proven at trial.

//

//

//

## PRAYER FOR RELIEF

WHEREFORE, plaintiff 1021018 Alberta Ltd., d/b/a JustThink Media, respectfully demands that judgment be rendered in its favor and against defendants as follows:

1.      For damages of a compensatory and general nature, in an amount according to proof as alleged and demanded above;

2.      For a preliminary injunction and permanent injunction requiring defendants Clickbooth, Lemp, Aho, and Gochneaur, and their partners, agents, employees, assignees, trustees, and all persons acting in concert or participating with said defendants, to (a) refrain from committing further acts of the nature alleged herein; (b) immediately return all monies and other assets belonging to plaintiff and held as a deposit and/or in trust by Clickbooth, Lemp, Aho and/or Gochneaur (or alternatively to surrender all such monies and other assets to the Court or to an appointed agent of the Court), (c) refrain from committing further acts of the nature alleged herein, including any act or acts of infringement against plaintiff's copyright in the "QuickProfitKit.com" website and the elements thereof, and (d) refrain generally from taking any action in derogation of the Court's jurisdiction over the subject matter of this action;

3.      For an order declaring that all of the monies and other assets held by Clickbooth, Lemp, Aho and/or Gochneaur as alleged herein are held by Clickbooth, Lemp, Aho and/or Gochneaur as the constructive trustees for plaintiff and requiring Clickbooth, Lemp, Aho and Gochneaur to return the same to plaintiff or to pay the

same into the registry of the Court immediately; or, in the alternative, appointing a receiver or other trustee and ordering the same to take possession of the funds in question immediately and maintain the same for the benefit of plaintiff during the pendency of this action;

4.     For an award of plaintiff's actual damages and the profits realized by all defendants as a result of their activities infringing upon the copyright of plaintiff, pursuant to 17 U.S.C. §§ 504 and 505;

5.     For punitive damages in an amount sufficient to make an example of defendants and to deter others from similar conduct by way of example, according to proof as alleged and demanded above;

6.     For costs of suit, including reasonable attorney's fees; and

7.     For all other relief as the Court deems just.


Dated: July 8, 2010          By:   /s/Karl S. Kronenberger

                             Karl S. Kronenberger (*pro hac vice*)
                             Trial Counsel
                             KRONENBERGER BURGOYNE, LLP
                             150 Post Street, Suite 520
                             San Francisco, CA 94108
                             Telephone (415) 955-1155
                             Facsimile (415) 955-1158
                             karl@KBInternetLaw.com

                             Attorneys for Plaintiff,
                             **1021018 Alberta Ltd.,** d/b/a JustThink Media

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 1.06(a), plaintiff demands that this action be tried to a jury composed of the maximum number permitted by law, on all issues so triable.

Dated: July 8, 2010

By:   /s/Karl S. Kronenberger

Karl S. Kronenberger (*pro hac vice*)
Trial Counsel
KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone (415) 955-1155
Facsimile (415) 955-1158
karl@KBInternetLaw.com

Attorneys for Plaintiff,
**1021018 Alberta Ltd.,** d/b/a JustThink Media

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2010, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which sent a notice of electronic filing to the following:

*Attorneys for Defendants, Integraclick, LLC and John Lemp:*

Eric S. Grindley, Esq.
General Counsel
IntegraClick Professional Park
East Building Suite 220
5901 N. Honore Ave
Sarasota, Florida 34243-2632

Richard E. Fee
Fee & Jeffries, PA
1227 N Franklin St
Tampa, FL 33602

    /s/Karl S. Kronenberger

Karl S. Kronenberger (*pro hac vice*)
Attorney for Plaintiff
KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone (415) 955-1155
Facsimile (415) 955-1158
karl@KBInternetLaw.com